IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN MEGONNELL, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 1:07-cv-02339 |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| INFOTECH SOLUTIONS, INC. t/d/b/a | : | |
| AVYSION IT and/or AVYSION | : | |
| HEALTHCARE SERVICES, PAMELA | : | |
| HUNTER AND LEONARD TOKAR, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the Court is Defendant Infotech Solutions' and Defendant Leonard Tokar's joint motion for leave to file a cross-claim against Defendant Pamela Hunter (Doc. No. 29) and Defendant Hunter's brief in opposition (Doc. No. 33). The motion is briefed and is ripe for disposition. The Court will grant the motion for leave to file a cross-claim.

## I.     BACKGROUND

The factual background of this case is outlined in the Court's memorandum and order denying the parties' motions for summary judgment and need not be reiterated here. However, the Court will review the relevant procedural background in order to provide a fuller picture behind the motion for leave to amend.

Plaintiff Kathryn Megonnell filed her claim pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601, et. seq., against Defendants Infotech Solutions, Leonard Tokar, and Pamela

1

Hunter on December 28, 2007. (Doc. No. 1.) Defendants Infotech Solutions and Leonard Tokar[1] filed their answer on January 22, 2008. (Doc. No. 7.) Defendant Hunter ("Hunter") filed her answer on January 23, 2008. (Doc. No. 10.) A case management plan was submitted to the Court by the parties on March 20, 2008 (Doc. No. 14.), and a case management conference was held on March 25, 2008. At that time, the Court set the close of fact discovery for August 1, 2008, with a trial date set for February 2, 2009. (Doc. No. 16.)[2] On July 23, 2008, the Court granted the parties' joint motion to extend case management deadlines by 90 days. (Doc. No. 19.) On October 29, 2008, the Court ordered that discovery be extended by 30 days to December 3, 2008, but that all other deadlines would remain the same. (Doc. No. 22.) On November 7, 2008, upon Avysion's motion, the Court granted an extension for expert discovery until December 12, 2008. (Doc. No. 25.)

Avysion filed its motion for leave to file a cross-claim against Hunter on December 2, 2008 – one day before the close of fact discovery. (Doc. No. 29.) On December 23, 2008, the Court ordered that Local Rule 7.5 requiring a brief in support to be filed with the motion be waived, and ordered that any party objecting to the motion for leave to amend should file a brief in opposition within 15 days. (Doc. No. 31.) Hunter filed her opposition brief on January 7, 2009. (Doc. No. 33.)

---

[1] Hereinafter, Defendants Infotech Solutions and Leonard Tokar will be referred to jointly as Avysion.

[2] The Court's order did not set a final date for amending pleadings; however, the Court notes that the parties' joint case management plan set the date for amending pleadings as September 1, 2008, and the date for completion of discovery as October 24, 2008. (Doc. No. 14 ¶¶ 6.6, 9.5.) Thus, under their submitted plan, the parties contemplated that amended pleadings would be completed over one month before discovery was to be completed.

## II. DISCUSSION

Federal Rule of Civil Procedure 15 allows a party to amend a pleading once as a matter of course before being served with a responsive pleading, but thereafter the amending party must have consent from the opposing party or the court. Fed. R. Civ. P. 15(a). A court may deny leave to amend where there is "undue delay, bad faith, dilatory motive, prejudice and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). A court may also deny leave to amend "when a party fails to take advantage of previous opportunities to amend, without adequate explanation." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962).

In examining whether leave to amend should be given, the Third Circuit has emphasized that the party opposing such leave must show more than just delay. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). Specifically,

> Delay alone will not constitute grounds for denial. The district court has discretion to deny the request only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. Thus, our review of the question of undue delay in this appeal will "focus on the movant's reasons for not amending sooner," and we will balance these reasons against the burden of delay on the District Court.

Id. (citations omitted). In line with this reasoning, district courts denying leave to amend have been found to have acted within their discretion when the case is at the end of the discovery

period and prejudice would result to the party opposing amendment. See, e.g., Redhead v. United States, 686 F.2d 178, 184 (3d Cir. 1982) (finding district court did not abuse discretion by denying motion to amend where adding claim would require reopening of discovery and would prejudice defendant, where case had been pending for some years and the plaintiffs had ample opportunity to amend before pretrial); see also Wade v. Knoxville Utils. Bd., 259 F.3d 452, 459 (6th Cir. 2001) (affirming district court's denial of plaintiff's motion to add new claims that were submitted near the end of discovery for summary judgment motions); Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (finding district court did not abuse discretion by denying plaintiff's motion to add punitive damages claim because plaintiff failed to show cause why her request was filed only seven weeks before the end of discovery and ten months after the court entered its scheduling order).

Avysion's proposed cross-claim against Defendant Hunter includes contribution and indemnification claims arising out of the same operative facts as Plaintiff's Complaint. (See Doc. No. 29 ¶¶ 12-13.)[3] In support of its motion for leave to amend, Avysion states that "the facts giving rise to the cross-claim were revealed, for the first time, during recently-completed depositions in this case[.]" (Id. ¶ 14.) In its reply brief, Avysion points to two specific pieces of

---

[3] In its proposed cross-claim, Avysion states that all discussions regarding Plaintiff's employment and her need for FMLA leave occurred between Plaintiff and Hunter. (Doc. No. 29-3 ¶ 6.) Thus, "[t]o the extent Plaintiff was denied FMLA leave or otherwise discharged, discriminated or retaliated against . . . such denial and treatment was directly caused by . . . Hunter." (Id. ¶ 7.) Avysion avers that it did not have control over Hunter, nor did Hunter have any authority to act on behalf of Avysion. (Id. ¶ 9.) As a result, Avysion argues that Hunter bears ultimate responsibility for any damages sustained by Plaintiff, and that Hunter is liable to Avysion for contribution and indemnity, or joint and several liability. (Id. ¶¶ 10-11.) Avysion further avers that Hunter is liable to Avysion for any incidental or consequential damages that Avysion will sustain from Plaintiff's claim, including legal fees and costs. (Id. ¶ 12.)

4

evidence that became available during depositions that occurred late in the discovery period: "On October 21, 2008, Plaintiff asserted that she felt she was 'targeted' by Defendant Hunter. . . . Likewise, during Defendant Hunter's deposition on October 22, 2008, Defendant Hunter submitted that the decision to eliminate Ms. Meggonnell's [sic] position was solely a decision of the Commonwealth of Pennsylvania." (Doc. No. 44 at 10-11) (citations omitted.) Avysion argues that being allowed to amend its complaint will further judicial economy, will not prejudice any party, and will not require additional discovery or change in the applicable deadlines. (Doc. No. 29 ¶¶ 16-19.)

In her opposition brief, Hunter argues that Avysion should not be granted leave to file a cross-claim against Hunter and that "[t]hose newly discovered facts which the Avysion Defendants rely upon are unclear[.]" (Doc. No. 33 at 3.) Hunter points out that Avysion was aware that Hunter supervised Plaintiff when Avysion filed its answer. (Id. at 4.) Likewise, Hunter argues that the discussions involving Plaintiff that allegedly occurred on June 18, 2007, were contained within Plaintiff's complaint – and would therefore have been known to Avysion at or near the time it filed its answers. (See id.)[4] Hunter argues that granting leave to amend to

---

[4] Specifically, Hunter's opposition brief points to the following two paragraphs in the complaint to show that Avysion was already aware of the content of the conversation between Hunter and Avysion:

> 17. Plaintiff briefed Defendant Hunter on said emergency, and Plaintiff sought and was granted permission by Defendant Hunter to leave for the remainder of the day to care for K.D.
>
> 18. In the same conversation, Plaintiff informed Defendant Hunter of her need to make one or more personal phone calls addressing K.D.'s emergency before vacating the work area for the day.

(Doc. No. 1 ¶¶ 17-18.)

5

Avysion would be prejudicial to Hunter since the "time and opportunity to properly defend" against the cross-claim has been lost. (Id.)

The Court agrees with Hunter that Avysion's original motion for leave to amend was unclear as to what newly discovered evidence had been revealed that would warrant its late amendment. However, in its subsequent reply brief (Doc. No. 44), Avysion has demonstrated to the Court that its depositions of Plaintiff and Hunter in October 2008 provided Avysion with greater specifics regarding the events of June 18, 2007. (See id. at 10-11.) Given that Plaintiff and Hunter are two of the main players in the present case, it is not surprising that such new information would become available during these depositions. As a result of this information, Avysion sought leave to amend just over one month after the depositions.

Hunter has not shown that Avysion's amendment will unduly prejudice Hunter beyond the prejudice that is to be expected in defending against a crossclaim. To the extent that Hunter requires additional discovery to defend against this claim, the Court will allow 60 days for the parties to conduct discovery on the contribution/indemnification issues.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Avysion's motion for leave to amend. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN MEGONNELL, : | |
| : | |
| Plaintiff : | Civil Action No. 1:07-cv-02339 |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| INFOTECH SOLUTIONS, INC. t/d/b/a : | |
| AVYSION IT and/or AVYSION : | |
| HEALTHCARE SERVICES, PAMELA : | |
| HUNTER AND LEONARD TOKAR, : | |
| : | |
| Defendants : | |

## MEMORANDUM

**AND NOW**, this 18th day of November 2009, upon consideration of Defendant Infotech Solutions' and Defendant Leonard Tokar's joint motion for leave to file a cross-claim against Defendant Pamela Hunter (Doc. No. 29), it is hereby ordered that the motion is **GRANTED**. The case will be stayed for 60 days to allow the parties to conduct discovery solely on the contribution/indemnification claims brought against Defendant Hunter by Defendants Infotech Solutions and Tokar.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
Dated: November 18, 2009