IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN MEGONNELL, | : | JUDGE KANE |
| | : | |
| Plaintiff | : | Case No. :07-CV-2339 |
| | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| INFOTECH SOLUTIONS, INC., t/d/b/a | : | |
| AVYSION IT and/or AVYSION | : | |
| HEALTHCARE SERVICES, PAMELA | : | |
| HUNTER AND LEONARD TOKAR, | : | |
| | : | |
| Defendants | : | ELECTRONICALLY FILED |

## **JOINT, PROPOSED JURY INSTRUCTIONS & OBJECTIONS**

The parties understand the Court will prepare its general charge including, without limitation, role of jury, evidence, direct and circumstantial evidence, credibility of witnesses, and preponderance of the evidence. The parties, therefore, submit the following proposed jury instructions concerning substantive issues under the Federal Family Medical Leave Act with objections as noted:

791882.1

# INDEX

Joint Proposed Instruction No. 1 – FMLA Introductory Section .............. 1

Joint Proposed Instruction No. 2 – Elements of an FMLA
    Claim, Interference ......................................................... 2

Joint Proposed Instruction No. 3 – Serious Health Condition ................... 4

Joint Proposed Instruction No. 4 – Back Pay, Non-Willful
    Violation ....................................................................... 5

Joint Proposed Instruction No. 5 – Other Monetary Damages .................... 7

Plaintiff's Proposed Instruction No. 1 – Elements of an FMLA
    Claim, Discrimination Mixed Motive............................... 8

Plaintiff's Proposed Instruction No. 2 – Elements of an FMLA
    Claim, Discrimination Pretext Model............................... 10

Plaintiff's Proposed Instruction No. 3 – FMLA Definitions,
    Serious Health Condition................................................ 12

Plaintiff's Proposed Instruction No. 4 – FMLA Definitions,
    Equivalent Position ........................................................ 13

Avysion Defendants' Proposed Instruction No. 1 – FMLA
    Definitions, Needed to Care for Family Member.............. 15

Avysion Defendants' Proposed Instruction No. 2 – FMLA
    Definitions, Son or Daughter.......................................... 16

Avysion Defendants' Proposed Instruction No. 3 – FMLA
    Types of Claims ............................................................ 17

Avysion Defendants' Proposed Instruction No. 4 – FMLA Joint
    Employment Relationships.............................................. 18

Avysion Defendants' Proposed Instruction No. 5 –
    Nondiscriminatory Reason .............................................. 19

Avysion Defendants' Proposed Instruction No. 6 –
    Continuation of Employment .......................................... 20

Avysion Defendants' Proposed Instruction No. 7 – Nonexistent
    Position ......................................................................... 21

Defendant Hunter's Proposed Instruction No. 1 – Employer
    Defined.......................................................................... 22

Defendant Hunter's Proposed Instruction No. 2 – Elements of
    an FMLA Claim Retaliation............................................ 23

## JOINT PROPOSED INSTRUCTION NO. 1

**FMLA Introductory Instruction**

In this case the Plaintiff Kathryn Megonnell has made a claim under the Family and Medical Leave Act, a Federal statute that prohibits an employer from interfering with or discriminating against an employee's exercise of the right granted in the Act to a period of unpaid leave where necessary to care for a family member with a serious health condition.

Specifically, Mrs. Megonnell claims that Defendant Pamela Hunter and the Avysion Defendants interfered with her ability to take leave to care for her niece who suffered from drug use, behavioral problems, and mental illness and that they terminated her dental hygienist position because she took that leave.

Defendants deny that Mrs. Megonnell was entitled to leave because she did not stand as the parent for her niece as is required by the Family Medical Leave Act. Further, Defendant Hunter asserts that Mrs. Megonnell's position would have been terminated regardless of her taking leave because there was no longer a need for the position and because of Mrs. Megonnell's insubordinate behavior.

I will now instruct you more fully on the issues that you must address in this case.

*See* **Model Civil Jury Instruction, 3rd Cir., § 10.0**


AFFIRMED   _____          DENIED   _____

1

## JOINT PROPOSED INSTRUCTION NO. 2

### Elements of an FMLA Claim – Interference With Right to Take Leave

Mrs. Megonnell claims that Defendants Hunter and Avysion interfered with her right to take unpaid leave from work under the Family and Medical Leave Act.

To prevail on this claim, Mrs. Megonnell must prove all of the following by a preponderance of the evidence:

First: Ms. Megonnell stood *in loco parentis* to her niece.

Second: Mrs. Megonnell's niece had a "serious health condition" defined in the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

Third: Mrs. Megonnell gave appropriate notice of her need to be absent from work. "Appropriate notice" was given if Mrs. Megonnell notified the defendants as soon as practicable after she learned of the need for leave

Mrs. Megonnell was required to timely notify Defendants of the need for leave, but Mrs. Megonnell was not required to specify that the leave was sought under the Family and Medical Leave Act, nor was Mrs. Megonnell required to mention that Act in the notice. Nor was Mrs. Megonnell required to provide the exact dates or duration of the leave requested. Moreover, Mrs. Megonnell was not required to give Defendants a formal written request for anticipated leave. Simple verbal notice is sufficient. The critical question for determining "appropriate notice" is whether the information given to Defendants was sufficient to reasonably apprise them of Mrs. Megonnell's request to take time off for a serious health condition.

Fourth: Defendants interfered with the exercise of Mrs. Megonnell's right to unpaid leave. Under the statute, "interference" can be found in a number of ways, including:

1) Terminating employment;

2) Refusing to allow an employee to return to his or her job, or to an equivalent position, upon return from leave;

2

3) Ordering an employee not to take leave or discouraging an employee from taking leave; and

4) Failing to provide an employee who gives notice of the need for a leave a written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations.

However, interference cannot be found simply because defendants impose reporting obligations for employees who are on leave. For example, an employer does not interfere with an employee's right to take leave by establishing a policy requiring all employees to call in to report their whereabouts while on leave. The Family and Medical Leave Act does not prevent employers from ensuring that employees who are on leave do not abuse their leave.

I instruct you that you do not need to find that Defendant s intentionally interfered with Mrs. Megonnell's right to unpaid leave. The question is not whether Defendants acted with bad intent, but rather whether Mrs. Megonnell was entitled to a leave and Defendants interfered with the exercise of that leave.

However, your verdict must be for Defendants if Defendants prove, by a preponderance of the evidence, that Mrs. Megonnell would have lost her job even if she had not taken leave. For example, if Defendants prove that Mrs. Megonnell's position was going to be eliminated even if she would not have been on leave, then you must find for Defendants.

## *See* **Model Civil Jury Instruction, 3rd Cir., § 10.1.1 (Modified).**

**OBJECTION:** The Avysion Defendants object because the undisputed facts show Avysion could not have interfered with Plaintiff's right to take leave because the termination occurred before Avysion Defendants had knowledge of the act, Avysion Defendants involvement in the acts, and Avysion Defendants had no ability to return Megonnell to her job at the Commonwealth. This instruction should be modified so the Commonwealth is inserted in element four of the instructions as opposed to "Defendants" and the jury should be informed the Avysion Defendants cannot be found to have interfered with Plaintiff's FMLA rights.

AFFIRMED _____          DENIED _____

3

## JOINT PROPOSED INSTRUCTION NO. 3

**FMLA Definitions – Serious Health Condition**

The phrase "serious health condition," as used in these instructions, means an illness, injury, impairment, or physical or mental condition that involves:

Inpatient care (for example, an overnight stay) in a hospital, hospice, or residential medical care facility, including any period of incapacity (inability to work, attend school or perform other regular daily activities), or any later treatment in connection with the inpatient care;

### OR

Incapacity plus treatment, which means a period of incapacity (inability to work, attend school or perform other regular daily activities) of more than three consecutive days, including any later treatment or period of incapacity relating to the same condition, that also involves:

1)  Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health services (for example, a physical therapist) under orders of, or on referral by, a health care provider; or

2)  Treatment by a health care provider on at least one occasion which results in a program of continuing treatment under the supervision of the health care provider];

### OR

A chronic health condition, which means a condition that requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider, which continues over an extended period of time (including recurring episodes of a single condition), and may cause incapacity from time to time (inability to work, attend school or perform other regular daily activities) rather than continuing incapacity

*See* **Model Civil Jury Instruction, 3rd Cir., § 10.2.1**

AFFIRMED _____          DENIED _____

4

## JOINT PROPOSED INSTRUCTION NO. 4

### FMLA Damages – Back Pay – Non-Willful Violation

If you find that Defendant Hunter or Avysion has violated Mrs. Megonnell's rights under the Family and Medical Leave Act, then you must determine the amount of damages that Defendants' actions have cause Mrs. Megonnell. Mrs. Megonnell has the burden of proving damages by a preponderance of the evidence.

You must award as actual damages an amount that reasonably compensates Mrs. Megonnell for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Mrs. Megonnell would have received from Defendants had Mrs. Megonnell's rights not been violated.

You must award Mrs. Megonnell the amount of her lost wages and benefits during the period starting June, 2007 through the date of your verdict. [To be determined by Court].

You must reduce any award of damages for lost wages and benefits by the amount of the expenses that Mrs. Megonnell would have incurred in making those earnings.

If you award damages for lost wages, you are instructed to deduct from this figure whatever wages Mrs. Megonnell has obtained from other employment during this period. However, please not that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of lost wages.

You are further instructed that Mrs. Megonnell has a duty to mitigate her damages – that is, Mrs. Megonnell is required to make reasonable efforts under the circumstances to reduce her damages. It is Defendants' burden to prove that Mrs. Megonnell has failed to mitigate. So if the Defendants persuade you, by a preponderance of the evidence, that Mrs. Megonnell failed to obtain substantially equivalent job opportunities that were reasonably available to her, you must reduce the award of damages by the amount of the wages that Mrs. Megonnell reasonably would have earned if she had obtained those opportunities.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and

5

not the jury to determine.  Therefore, attorney fees and costs should play no part in your calculation of any damages.

*See* **Model Civil Jury Instruction, 3rd Cir., § 10.4.1**


AFFIRMED  _____          DENIED  _____

## JOINT PROPOSED INSTRUCTION NO. 5

**FMLA Damages – Other Monetary Damages**

The Family and Medical Leave Act provides that if an employee is unable to prove that the employer's violation of the Act caused the employee to lose any wages, benefits or other compensation, then that employee may recover other monetary losses sustained as a direct result of the employer's violation of the Act.

So in this case, if you find that Defendant Hunter or Defendant Avysion have violated Mrs. Megonnell's rights under the Act, and yet you also find that Mrs. Megonnell has not proved the loss of any wages, benefits or other compensation as a result of this violation, then you must determine whether Mrs. Megonnell has suffered any other monetary losses as a direct result of the violation. Mrs. Megonnell has the burden of proving these monetary losses by a preponderance of the evidence.

Under the law, Mrs. Megonnell's recovery for these other monetary damages can be no higher than the amount that she would have made in wages or salary for a twelve-week period during her employment. So you must limit your award for these other monetary damages, if any, to that amount. You must also remember that if Mrs. Megonnell has proved damages for lost wages, benefits or other compensation, then you must award those damages only and Mrs. Megonnell may not recover any amount for any other monetary damages suffered as a result of the termination of Megonnell's dental hygienist position.

Finally, the Family and Medical Leave Act does not allow Mrs. Megonnell to recover for any mental or emotional distress or pain and suffering that may have been caused by Defendants' violation of the Act. So I instruct you that you are not to award the plaintiff any damages for emotional distress or pain and suffering.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

*See* **Model Civil Jury Instruction, 3rd Cir., § 10.4.3**

AFFIRMED   _____          DENIED   _____

7

## PLAINTIFF'S ADDITIONAL PROPOSED INSTRUCTION NO. 1

### 10.1.2 Elements of an FMLA Claim — Discrimination — Mixed-Motive

Plaintiff claims that she was discriminated against for exercising the right to unpaid leave under the Family and Medical Leave Act. In order for plaintiff to recover on this discrimination claim against defendants, plaintiff must prove that defendants intentionally discriminated against plaintiff. This means that plaintiff must prove that her taking leave was a motivating factor in defendants' decision to eliminate plaintiff's position.

To prevail on this claim, plaintiff must prove all of the following by a preponderance of the evidence:

First: Plaintiff or a family member as defined by the Act had a serious health condition.**

Second: This condition was a "serious health condition," defined in the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

Third: Plaintiff gave appropriate notice of her need to be absent from work.

"Appropriate notice" was given where,
> if plaintiff could not foresee the need for leave, plaintiff notified the defendant as soon as practicable after she learned of the need for leave.

Plaintiff was required to timely notify defendants of the need for leave, but plaintiff was not required to specify that the leave was sought under the Family and Medical Leave Act, nor was plaintiff required to mention that Act in the notice. Nor was plaintiff required to provide the exact dates or duration of the leave requested. Moreover, plaintiff was not required to give defendants a formal written request for anticipated leave. Simple verbal notice is sufficient. The critical question for determining "appropriate notice" is whether the information given to defendants was sufficient to reasonably apprise it of plaintiff's request to take time off for a serious health condition.

8

Fourth: Plaintiff was not reinstated in her job upon return from leave or was not placed in a substantially equivalent position upon her return from leave or was terminated after returning from leave.

Fifth: Plaintiff's taking leave was a motivating factor in defendants' decision not to reinstate or to terminate plaintiff.

Although plaintiff must prove that defendants acted with the intent to discriminate, plaintiff is not required to prove that defendants acted with the particular intent to violate plaintiff's federal rights.

In showing that plaintiff's taking leave was a motivating factor for defendants' action, plaintiff is not required to prove that the leave was the sole motivation or even the primary motivation for defendants' decision. Plaintiff need only prove that her taking leave played a motivating part in defendants' decision even though other factors may also have motivated defendant.

If you find in plaintiff's favor with respect to each of the facts that plaintiff must prove, you must then decide whether defendants have shown that defendants would have made the same decision with respect to plaintiff's employment even if there had been no motive to discriminate on the basis of plaintiff's having taken leave. Your verdict must be for defendants if defendants prove by a preponderance of the evidence that defendants would have treated plaintiff the same even if plaintiff's leave had played no role in the employment decision.

*See* **Model Civil Jury Instruction, 3rd Cir., § 10.1.2**

**OBJECTIONS:** The Avysion Defendants object to this proposed instruction where noted by asterisk, as we believe Plaintiff is obligated to include a description of the alleged serious health condition.

AFFIRMED _____     DENIED _____

## PLAINTIFF'S ADDITIONAL PROPOSED INSTRUCTION NO. 2

### 10.1.3 Elements of an FMLA Claim— Discrimination —Pretext

### Model

In this case plaintiff is alleging that she was discriminated against for exercising the right to unpaid leave under the Family and Medical Leave Act. In order for plaintiff to recover on this discrimination claim against defendants, plaintiff must prove that defendants intentionally discriminated against plaintiff. This means that plaintiff must prove that her exercise of the right to take leave was a determinative factor in defendants' decision to eliminate plaintiff's position at the Commonwealth and not place plaintiff in a substantially similar position.

To prevail on this claim, plaintiff must prove all of the following by a preponderance of the evidence:

First: Plaintiff or a family member as defined by the Act had a drug and alcohol addiction.

Second: This condition was a "serious health condition", defined in the statute as an illness, injury, impairment or physical or mental condition that involves either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

Third: Plaintiff gave appropriate notice of her need to be absent from work.

"Appropriate notice" was given where,
> if plaintiff could not foresee the need for leave, plaintiff notified the defendant as soon as practicable after she learned of the need for leave.

Plaintiff was required to timely notify defendants of the need for leave, but plaintiff was not required to specify that the leave was sought under the Family and Medical Leave Act, nor was plaintiff required to mention that Act in the notice. Nor was plaintiff required to provide the exact dates or duration of the leave requested. Moreover, plaintiff was not required to give defendant a formal written request for anticipated leave. Simple verbal notice is sufficient. The critical question for determining "appropriate notice" is whether the information given to

defendants was sufficient to reasonably apprise it of plaintiff's request to take time off for a serious health condition.

> Fourth: Plaintiff was not reinstated in her job upon return from leave or was not placed in a substantially equivalent position upon her return from leave or was terminated after returning from leave.

> Fifth: Plaintiff's taking leave was a determinative factor in defendants' decision to terminate plaintiff's employment or position or not place plaintiff in a substantially equivalent position.

Although plaintiff must prove that defendants acted with the intent to discriminate, plaintiff is not required to prove that defendants acted with the particular intent to violate plaintiff's federal civil rights. Moreover, plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

Defendants have given a nondiscriminatory reason for its actions. The Commonwealth has said plaintiff's position was eliminated and Avysion defendants have said they had no other substantially equivalent employment where plaintiff could be placed. If you disbelieve defendants' explanations for their conduct, then you may, but need not, find that plaintiff has proved intentional discrimination. In determining whether defendants' stated reason for its actions was a pretext, or excuse, for discrimination, you may not question defendants' business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of defendants or believe it is harsh or unreasonable. You are not to consider defendants' wisdom. However, you may consider whether defendants' reason is merely a cover-up for discrimination.

Ultimately, you must decide whether plaintiff has proven that her taking leave under the Family Medical Leave Act was a determinative factor in defendants' employment decision. "Determinative factor" means that if not for plaintiff's taking leave, the adverse employment actions would not have occurred.

*See* **Model Civil Jury Instruction, 3rd Cir., §10.1.3.**

AFFIRMED _____          DENIED _____

11

## PLAINTIFF'S ADDITIONAL PROPOSED INSTRUCTION NO. 3

**10.2.2     FMLA Definitions — Equivalent Position**

**Model**

Defendants claim that after returning from leave, plaintiff was placed in a position that was equivalent to the one that she had before taking leave. Plaintiff claims that the new position was not equivalent to the old one. Under the Family and Medical Leave Act, the new position is equivalent to the old one if it is virtually identical in terms of pay, benefits and working conditions, including privileges, "perks" and status. It must involve the same or substantially similar duties and responsibilities, and require substantially equivalent skill, effort, responsibility, and authority. Plaintiff must prove by a preponderance of the evidence that the new position was not equivalent to the old one.

*See* **Model Civil Jury Instruction, 3rd Cir., § 10.2.2**

AFFIRMED     _____.          DENIED     _____

12

## **PLAINTIFF'S ADDITIONAL PROPOSED INSTRUCTION NO. 4**

### **10.4.2   FMLA Damages — Back Pay– Willful Violation**

### **Model**

If you find that defendants have violated plaintiff's rights under the Family and Medical Leave Act, then you must determine the amount of damages that defendants' actions have caused plaintiff.   Plaintiff has the burden of proving damages by a preponderance of the evidence.

You must award as actual damages an amount that reasonably compensates plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff would have received from defendants had plaintiff's rights not been violated.

In this case, plaintiff alleges that defendants willfully violated the Family and Medical Leave Act. If plaintiff proves to you by a preponderance of the evidence that defendants' violation of the Family and Medical Leave Act was willful, then this will have an effect on the damages that you must award. I will explain this effect in a minute, but first I will provide you more information on what it means for a violation to be "willful."

If you find that defendants' violation of the Family and Medical Leave Act was willful, then you   must award plaintiff the amount of her lost wages and benefits during the period starting June 2007, through the date (to be determined by the Court). However, if you find that defendants' violation of the Family and Medical Leave Act was not willful, then you must award plaintiff the amount of her lost wages and benefits during the period starting June 2007 through the date (to be determined by the Court).

You must reduce any award of damages for lost wages and benefits by the amount of the expenses that plaintiff would have incurred in making those earnings.

If you award damages for lost wages, you are instructed to deduct from this figure whatever wages plaintiff has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of lost wages.

You are further instructed that plaintiff has a duty to mitigate her damages--that is plaintiff is required to make reasonable efforts under the circumstances to reduce her damages. It is defendants' burden to prove that plaintiff has failed to mitigate. So if defendants persuade you, by a preponderance of the evidence, that plaintiff failed to obtain substantially equivalent job opportunities that were reasonably available to her, you must reduce the award of damages by the amount of the wages that plaintiff reasonably would have earned if she had obtained those opportunities.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

*See* **Model Civil Jury Instruction, 3rd Cir., § 10.4.2**

**OBJECTION:** The Avysion Defendants object.

AFFIRMED  _____        DENIED  _____

14

## AVYSION DEFENDANTS' ADDITIONAL
## <u>PROPOSED INSTRUCTION NO. 1</u>

An employee is "needed to care for" a spouse, son, daughter, or parent with a serious health condition when the family member is unable to care for his or her own basic medical, hygienic, or nutritional needs or safety; or is unable to transport himself or herself to the doctor.

**Modern Federal Jury Instructions – Civil, Copyright 2004, Matthew Bender & Company, Inc., Form Instruction 88-120 Needed to care for.**

**OBJECTION:** Plaintiff objects.

AFFIRMED _____        DENIED _____

15

## AVYSION DEFENDANTS' ADDITIONAL
## PROPOSED INSTRUCTION NO. 2

Under the FMLA, a son or daughter means a biological, adopted or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis, who is either under age 18, or who is age 18 or older but is incapable of self-care because of a mental or physical disability. Persons with "in loco parentis" status under the FMLA include those who had day-to-day responsibility to care for and financially support the individual when the individual was a child.

*See* **Model Civil Jury Instruction, 3rd Cir., § 10.0 Comment (citing 29 U.S.C. §2611(12); 29 C.F.R. §825.122(c)).**

**OBJECTION:** Plaintiff objects.

AFFIRMED   _____        DENIED   _____

16

## AVYSION DEFENDANTS' ADDITIONAL
## PROPOSED INSTRUCTION NO. 3

There are two types of claims under the FMLA, claims for interference and claims for retaliation. Unlawful interference under the FMLA occurs when an employer interferes with, restrains, or denies the exercise of or the attempt to exercise, any right provided under the FMLA. Claims for retaliation occur when an employer discharges or in any other manner discriminates against any individual for opposing any practice made unlawful by this title. In order to find for the plaintiff and against a particular defendant, you must find that particular defendant either interfered with plaintiff's FMLA rights or discharged or discriminated against plaintiff for exercising her FMLA rights.

**Thompson v. AIM Dedicated Logistics, No. 02:02-CV-1972, 2005 U.S. Dist. LEXIS 42933, \*7-8 (W.D. Pa. August 4, 2005); 29 U.S.C. §2615(a)(1).**

AFFIRMED   _____        DENIED   _____

17

## AVYSION DEFENDANTS' ADDITIONAL
## PROPOSED INSTRUCTION NO. 4

In joint employment relationships, only the primary employer is responsible for giving required notices to its employees, providing FMLA leave, and maintenance of health benefits. Factors considered in determining which is the "primary employer" include authority/responsibility to hire and fire, assign/place the employee, make payroll, and provide employment benefits. For employees of temporary placement agencies, for example, the placement agency most commonly would be the primary employer.

\*\*\*

The secondary employer is responsible for accepting the employee returning from FMLA leave in place of the replacement employee if the secondary employer continues to utilize an employee from the temporary placement agency, and the agency chooses to place the employee with the secondary employer. A secondary employer is also responsible for compliance with the prohibited acts provisions with respect to its jointly employed employees, whether or not the secondary employer is covered by FMLA. The prohibited acts include prohibitions against interfering with an employee's attempt to exercise rights under the Act, or discharging or discriminating against an employee for opposing a practice which is unlawful under FMLA.

**29 C.F.R. §825.106; §825.220.**

AFFIRMED  _____        DENIED  _____

18

## AVYSION DEFENDANTS' ADDITIONAL
## PROPOSED INSTRUCTION NO. 5

Even if plaintiff has satisfied her burden, a defendant can avoid liability if it proves by a preponderance of the evidence that Defendants would have discharged plaintiff even if Defendants had not considered Plaintiff's absence from work.

**Modern Federal Jury Instructions – Civil, Copyright 2004, Matthew Bender & Company, Inc., Form Instruction 88-142 Same Decision Defense.**

**OBJECTION:** Plaintiff objects.


AFFIRMED  _____          DENIED  _____

## AVYSION DEFENDANTS' ADDITIONAL
## PROPOSED INSTRUCTION NO. 6

An employee returning from FMLA leave is not entitled to restoration unless she would have continued to be employed if she had not taken FMLA leave.

**Grace v. USCAR, 521 F.3d 655, 669 (6th Cir. 2008) (quoting Hoge v. Honda of America Mfg., Inc., 384 F.3d 348, 245 (6th Cir. 2004)).**

**OBJECTION:**  Plaintiff objects.


AFFIRMED   _____          DENIED   _____

20

## AVYSION DEFENDANTS' ADDITIONAL
## PROPOSED INSTRUCTION NO. 7

The FMLA does not impose on an employer the duty to restore an employee "to a nonexistent position", and it "does not create an absolute right to restoration to a previous employment position."

**Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 548 (4th Cir. 2006).**

**OBJECTION:** Plaintiff objects.

AFFIRMED   _____        DENIED   _____

21

## DEFENDANT HUNTER'S ADDITIONAL
## PROPOSED INSTRUCTION NO. 1

The FMLA defines "employer" in relevant part as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). A person who has the authority to hire and fire may be considered an employer." *McKiernan v. Smith-Edwards-Dunlap Co.*, 1995 WL 311393, at *3 (E.D. Pa. May 17, 1995), or where a supervisor has sufficient control over the conditions and terms of the plaintiff's employment, he may be an employer.

**Kilvits v. County of Luzerne, 52 F. Supp. 2d 403, 412 (M.D. Pa. 1999).**

**OBJECTION:** Plaintiff did not have the ability to review this instruction before filing, so the parties reserve Plaintiff's rights to object to the same.

AFFIRMED   _____          DENIED   _____

22

## DEFENDANT HUNTER'S ADDITIONAL
## PROPOSED INSTRUCTION NO. 2

### Elements of an FMLA Claim – Retaliation

Mrs. Megonnell claims that the defendants terminated her in retaliation for her request or use of FMLA leave.  In order to recover for discrimination or retaliation under the FMLA, Mrs. Megonnell must prove that: (1) she took FMLA leave; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally connected to her taking of FMLA leave.

FMLA retaliation claims are analyzed using the familiar three-step framework of If Megonnell succeeds in proving a prima facie case of FMLA retaliation, the burden shifts to the defendants to show a legitimate, non-discriminatory reason for the alleged adverse action.

**Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).**

**OBJECTION:** Plaintiff did not have the ability to review this instruction before filing, so the parties reserve Plaintiff's rights to object to the same.

AFFIRMED _____          DENIED _____

Respectfully submitted,                    Respectfully submitted,

CLARK & KREVSKY LLC                   RHOADS & SINON LLP

By: __/S/ Frank P. Clark_____     By: ____/S/ Dean F. Piermattei_____
Frank P. Clark                              Dean F. Piermattei
Attorney I.D. No. 35443                Attorney I.D. No. 53847
P.O. Box 1254                              One South Market Square
Camp Hill, PA 17001-1254           P. O. Box 1146
(717) 731-8600                             Harrisburg, PA 17108-1146
                                                  (717) 233-5731
Attorneys for Plaintiff                   Attorneys for the Avysion Defendants

                                                  OFFICE OF ATTORNEY GENERAL

                                          By: ____/S/ Sarah C. Yerger_____
                                                  Sarah C. Yerger
                                                  Attorney I.D. No. 70357
                                                  15th Flr., Strawberry Square
                                                  Harrisburg, PA 17120
                                                  (717) 705-2503
                                                  Attorneys for Pamela Hunter

## CERTIFICATE OF SERVICE

I hereby certify that on this $\underline{9^{th}}$ day of September, 2010, a true and correct copy of the foregoing document was filed by means of ECF with service via electronic mail upon the following:

> Frank P. Clark, Esquire
> Clark & Krevsky, LLC
> P.O. Box 1254
> Camp Hill, PA 17001-1254
>
> Sarah C. Yerger, Esquire
> Office of Attorney General
> 15th Floor, Strawberry Square
> Harrisburg, PA 17120

/S/ Stephanie DiVittore

Attorney I.D. 85906
